## CONTINUING GUARANTY AGREEMENT

1. **Identification of Parties and Indebtedness.** Hancock Bank, a Mississippi state banking corporation, (hereinafter referred to as the "Bank") has loaned, or agreed to loan, monies and/or other things of value to **Bon Secour Partners, LLC**, a Delaware limited liability company (hereinafter the "Debtor," whether one or more than one). The undersigned, Peter R. Morris (hereinafter the "Guarantor," whether one or more than one) has agreed to guarantee the indebtedness as defined herein. The term "indebtedness" shall be construed in its most comprehensive sense and shall include any and all debts, advances, overdrafts, liabilities, and other obligations of the Debtor or any one or more of them, whether now or hereafter existing, made, incurred, or created, whether by operation of agreement or law, and whether absolute or contingent, liquidated or unliquidated, determined or undetermined, and including all principal, interest, costs of collection, attorney's fees and all other lawful charges, and whether the Debtor is individually or jointly obligated with others and whether or not it becomes unenforceable or recovery is, or becomes, barred by any statute of limitations or other defense.

2. **Consideration.** The Guarantor acknowledges that it has received full, complete, sufficient, and valuable consideration for its undertaking herein and expressly waives any right to assert the failure of consideration as a defense to any claim made by the Bank.

3. **Obligations of the Guarantor.** Guarantor hereby absolutely and unconditionally, jointly and severally, and without any limitation (except as expressly provided for herein) guarantees all payment and performance obligations of Debtor to the Bank including but not limited to Debtor's promissory note in the aggregate principal amount of **$3,840,000.00**. The Guarantor's obligation herein covers all indebtedness of the Debtor to the Bank, is continuing and includes any future extensions of credit and renewals and extensions of the indebtedness or any part thereof. Should the indebtedness, or any part thereof, be paid in full at any time, the same shall not be construed to cause termination of Guarantor's obligation hereunder, but this Guaranty shall continue in full force and effect, until such time as the Bank shall receive, and acknowledge, written revocation of this Guaranty from the Guarantor as to future transactions between the Bank and the Debtor. Any such termination shall be prospective only, and shall not apply to operate in respect to the indebtedness nor any part thereof which exists on or before the date of acknowledgment by the Bank of receipt of the written revocation. The Guarantor's obligation hereunder is independent of any obligation of the Debtor. It is an obligation of payment and performance and not of collection. The Guarantor agrees to provide financial information to the Bank in such form and at such times as the Bank may require.

4. **Guarantor's Waiver of Subrogation and Claims Against the Debtor.** In consideration for the loan to Debtor guaranteed herein, Guarantor hereby irrevocably waives and relinquishes any right of subrogation or other right of reimbursement from Debtor or the Debtor's estate or successors, arising out of or on account of any sums paid or agreed to be paid by Guarantor under this Agreement, whether any such right is reduced to judgment, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, until all indebtedness guaranteed herein has been paid in full. Should the Guarantor receive any payment or benefit as a result of such obligation from the Debtor, it shall hold the same for the Bank, and pay it over to the Bank immediately.

5. **Guarantor's Waiver of Defenses and Claims.** The Guarantor hereby knowingly and expressly waives any defenses it has or may have as to claims made hereunder by the Bank, and waives any claims it has or may have which relate in any way to this Guaranty, the

EXHIBIT D

Guarantor's obligations, or the duties or actions of the Bank. This waiver is full, absolute, and complete, and includes, among other defenses and claims, the defenses and claims of estoppel, failure of consideration, illegality, statute of frauds, statute of limitations, waiver, misrepresentation and failure by the Bank to do anything in the making, renewal, extension, review, servicing, collateralization, and collection of the indebtedness, or any part thereof. Further, Guarantor expressly waives any defense or claim it may have against the Bank for its negligent misconduct, provided, however, Guarantor does not waive any defense or claim it may have against the Bank which arises as a result of the Bank's gross negligence or intentional misconduct. Guarantor also waives any defenses or claims it may have resulting from the Bank's failure to make, perfect, properly handle, or in any way act with regard to any mortgage, security interest, pledge, conveyance, assignment or any other interest given as security or collateral, or to be given as security or collateral, for the indebtedness or any part thereof. The Guarantor waives any defense or claim it may have for the Bank's failure: (1) to obtain the signature, or any other act, of the Debtor or another Guarantor, or any one of them, as part of this agreement, the indebtedness, or any part thereof, or any documents incident thereto; (2) to proceed against the Debtor or another Guarantor, or any one of them, or against any Probate or Bankruptcy Estate of either the Debtor or another Guarantor, with regard to the indebtedness or any part thereof; or (3) to pursue any remedy which the Bank may have, under this or any other agreement, or under any applicable law. The Guarantor further waives any defense or claim that the Debtor, or any other Guarantor may have, in respect of the indebtedness, or any part thereof. Except as required by applicable law, the Guarantor waives any right to any notice whatsoever, including any notice with regard to the creation, extension or renewal of the indebtedness, or any part thereof, notice of the Debtor's default or failure of performance in any regard, notice of presentment, notice of demand, notice of protest, notice of dishonor, notice of acceptance of the guaranty or any document evidencing the indebtedness, or any part thereof. THE GUARANTOR EXPRESSLY AGREES THAT THE BANK OWES NO DUTY TO THE GUARANTOR.

6. **Powers of the Bank**. The Bank shall have the power, in its sole discretion and without the concurrence or consent of the Guarantor: (1) to enter into any agreement with the Debtor, Guarantor, or any of one of them with regard to the indebtedness, or any part thereof, or with regard to any collateral or any document relating thereto; (2) to apply payments and collateral any way it may determine; (3) to assign this Guaranty; (4) to release one or substitute any Debtor or Guarantor; (5) to compromise the indebtedness, or any part thereof, or any collateral thereof, or change the terms of the indebtedness, or any part thereof, at any time or for any reason; and (6) to release the collateral for the indebtedness, or any part thereof, or make any disposition of the same, as it shall deem fit. Pursuing any of the powers enumerated herein, the Bank has no obligation to provide any notice of any kind to the Guarantor, and the exercise of any such powers by the Bank shall in no way affect the Guarantor's obligations under the terms of this Agreement.

7. **The Bank's Lien and Right of Set-Off**. The Bank shall have all such liens, rights of set-off, and rights of subrogation as provided by law, and shall have a further lien upon and right of set-off against any property of any kind of the Guarantor which is now or may be in the future in the possession of, or on deposit with, the Bank. Such lien or right of set-off may be exercised without demand to or notice upon the Guarantor.

8. **No Waivers by Bank**. No interest, power, or right which the Bank has by law or by operation of this or any other agreement shall be deemed to be waived by any act or omission by the Bank, or by the Bank's neglect or failure to exercise any such power or right, or to pursue

any such interest, or by any delay. Such waiver will only be found to exist where the Bank has executed a writing expressly making the same.

9. **Authority**. If the Guarantor is a corporation, partnership, limited partnership, joint venture, association, or the like, the person signing below therefore represents that he or she is vested with sufficient authority to sign this Guaranty, that all required formalities have been met which are necessary for the execution of this Guaranty, and that the Bank has no obligation to look any further as to the form or formality of the Guarantor, or any one of them, or the execution hereof.

10. **Limitation on Guarantor's Obligation**. Any limitation on the Guarantor's obligations hereunder is stated in full below:

NONE - UNLIMITED

11. **Miscellaneous**. This is the sole agreement between the parties and can only be amended, revoked, terminated, or changed upon an express writing, signed or acknowledged by both parties and delivered to the Bank. This Guaranty shall be governed by and construed under the laws of the State of Alabama despite any conflict of law principle that would apply the law of another state. Guarantor hereby waives any right to any exemption under the Constitution or statutes of any nation, state, or similar republic body, as to any obligation or undertaking by the Guarantor hereunder. The Guarantor agrees to pay the costs of enforcing this Guaranty and the Guarantor's obligations hereunder, including a reasonable attorney's fee. If any part hereof is deemed or held to be invalid, the rest and remainder shall continue in full force and effect. Paragraph headings are intended for convenience only and shall not affect the construction or meaning of the language contained in any paragraph. This agreement may be executed in counterparts, all of which collectively shall constitute one original.

12. **JURY WAIVER**. EACH PARTY TO THIS AGREEMENT HEREBY EXPRESSLY WAIVES ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, COUNTERCLAIM, ACTION OR CAUSE OF ACTION (1) ARISING UNDER THIS AGREEMENT, ANY OTHER LOAN DOCUMENT OR AGREEMENT EXECUTED OR DELIVERED IN CONNECTION HEREWITH, OR ARISING UNDER OR RELATED TO ANY OTHER "OBLIGATION", OR (2) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE RELATIONSHIP BETWEEN OR COURSE OF DEALINGS OF THE PARTIES HERETO OR ANY OF THEM WITH RESPECT TO THE INDEBTEDNESS, THIS AGREEMENT, ANY OTHER LOAN DOCUMENT, AGREEMENT OR INSTRUMENT EXECUTED OR DELIVERED IN CONNECTION HEREWITH OR THE TRANSACTIONS RELATED HERETO, OR RELATING TO ANY OTHER "OBLIGATION"; IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND EACH PARTY HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT ANY PARTY TO THIS AGREEMENT MAY FILE AN ORIGINAL COUNTERPART OR COPY OF THE SECTION WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF THE PARTIES HERETO TO THE WAIVER OF THEIR RIGHT TO TRIAL BY JURY. THIS PROVISION SHALL SURVIVE THE PAYMENT IN FULL OF THE INDEBTEDNESS OR ANY OTHER "OBLIGATION".

I HAVE READ THIS CONTINUING GUARANTY AGREEMENT, AND UNDERSTAND ALL OF ITS TERMS AND CONDITIONS AND MY OBLIGATIONS HEREUNDER AND AGREE COMPLETELY AND FULLY TO BE BOUND HEREBY. I REPRESENT THAT NONE OF YOUR OFFICERS, EMPLOYEES, AGENTS, OR ATTORNEYS HAVE MADE ANY STATEMENTS OR REPRESENTATIONS ABOUT THIS GUARANTY AGREEMENT THAT ARE IN ANY WAY DIFFERENT THAN WHAT APPEARS IN THIS AGREEMENT, AND UNDERSTAND THAT ANY PRIOR REPRESENTATIONS OR COMMUNICATIONS TO ME ARE SUPERSEDED BY THIS AGREEMENT. GUARANTOR ACKNOWLEDGES THAT IT HAS PREVIOUSLY EXECUTED GUARANTIES FOR DEBTS OF DEBTOR TO BANK.

IN WITNESS WHEREOF, the undersigned Guarantor(s) has executed this Continuing Guaranty Agreement as of the dates set forth in the acknowledgments below.

GUARANTOR:

_____
Peter R. Morris

STATE OF ~~ALABAMA~~ Illinois
~~MOBILE~~ Cook COUNTY

I, the undersigned, a Notary Public, in and for said County in said State, hereby certify that **Peter R. Morris** whose name is signed to the foregoing instrument and who is known to me, acknowledged before me on this date that, being informed of the contents of this instrument, he executed the same voluntarily on the date the same bears date.

Given under my hand and official seal on this 24th day of October, 2006.

_____
NOTARY PUBLIC
My Commission Expires: 11-19-09

"OFFICIAL SEAL"
DEMERETTE KEE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-19-2009

U:\atty\Raw\H\Hancock Bank\Bon Secour\Guaranty.Morris clean.doc

4