IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HANCOKCK BANK, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. 09-767-WS-C |
| BON SECOUR VENTURES, LLC, ) | |
| PETER R. MORRIS, PRM REALTY ) | |
| GROUP, LLC, AND THOMAS J. ) | **JURY TRIAL REQUESTED** |
| LANGAN ) | |
| ) | |
|     Defendants. ) | |

## DEFENDANTS' ORIGINAL ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

COMES NOW, Peter R. Morris and PRM Realty Group, LLC ("Morris"" and "PRM", respectively) ("Defendants"), and files this their Original Answer to the Plaintiff's Complaint in the above-styled and numbered cause (the "Complaint"), and would respectfully show the Court as follows:

1.    Defendants Morris and PRM are without sufficient information to either admit or deny the allegations contained in paragraph 1 of the Complaint, and therefore deny same.

2.    Defendants Morris and PRM are without sufficient information to either admit or deny the allegations contained in paragraph 2 of the Complaint, and therefore deny same.

3.    Defendants Morris and PRM admit the allegations contained in paragraph 3 of the Complaint.

4.    Defendants Morris and PRM admit the allegations contained in paragraph 4 of the Complaint.

5. Defendants Morris and PRM are without sufficient information to either admit or deny the allegations contained in paragraph 5 of the Complaint, and therefore deny same.

6. The allegations in paragraph 6 of the Complaint do not require Defendants Morris and PRM to either admit or deny the allegations contained therein.

7. Defendants Morris and PRM are without sufficient information to either admit or deny the allegations contained in paragraph 7 of the Complaint, and therefore deny same.

8. Defendants Morris and PRM are without sufficient information to either admit or deny the allegations contained in paragraph 8 of the Complaint, and therefore deny same.

9. The allegations in paragraph 9 of the Complaint do not require Defendants Morris and PRM to either admit or deny the allegations contained therein.

10. Defendants Morris and PRM admit the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit that Plaintiff is attempting to summarize the terms of the Amended Renewal Promissory Note ("Note") dated October 24, 2006 in Paragraph 11 of the Complaint. Defendants deny that Plaintiff's summary is complete or accurate, deny any allegations that are inconsistent with the express terms of the Note, and deny any legal conclusions, express or implied, contained in Paragraph 11 of the Complaint.

12. Defendants Morris and PRM admit the allegations contained in paragraph 12 of the Complaint.

13. Defendants Morris and PRM are without sufficient information to either admit or deny the allegations contained in paragraph 13 of the Complaint, and therefore deny same.

14. Defendants Morris and PRM deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants Morris and PRM admit the allegations contained in paragraph 15 of the Complaint.

16. Defendants Morris and PRM deny the allegations contained in paragraph 16 of the Complaint.

17. The allegations in paragraph 17 of the Complaint do not require Defendants Morris and PRM to either admit or deny the allegations contained therein.

18. Defendants Morris and PRM are without sufficient information to either admit or deny the allegations contained in paragraph 18 of the Complaint, and therefore deny same.

19. Defendants Morris and PRM are without sufficient information to either admit or deny the allegations contained in paragraph 19 of the Complaint, and therefore deny same.

20. Defendants Morris and PRM are without sufficient information to either admit or deny the allegations contained in paragraph 20 of the Complaint, and therefore deny same.

21. Defendants Morris and PRM are without sufficient information to either admit or deny the allegations contained in paragraph 21 of the Complaint, and therefore deny same.

22. Defendants Morris and PRM are without sufficient information to either admit or deny the allegations contained in paragraph 22 of the Complaint, and therefore deny same.

23. The allegations in paragraph 23 of the Complaint do not require Defendants Morris and PRM to either admit or deny the allegations contained therein.

24. Defendants Morris and PRM admit the allegations contained in paragraph 24 of the Complaint.

25. Defendants Morris and PRM are without sufficient information to either admit or deny the allegations contained in paragraph 25 of the Complaint, and therefore deny same.

26. Defendants Morris and PRM deny the allegations contained in paragraph 26 of the

Complaint.

27. Defendants Morris and PRM deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants Morris and PRM are without sufficient information to either admit or deny the allegations contained in paragraph 28 of the Complaint, and therefore deny same.

29. The allegations in paragraph 29 of the Complaint do not require Defendants Morris and PRM to either admit or deny the allegations contained therein.

30. Defendants Morris and PRM admit the allegations contained in paragraph 30 of the Complaint.

31. Defendants Morris and PRM are without sufficient information to either admit or deny the allegations contained in paragraph 31 of the Complaint, and therefore deny same.

32. Defendants Morris and PRM deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants Morris and PRM deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants Morris and PRM deny the allegations contained in paragraph 34 of the Complaint.

35. The allegations in paragraph 35 of the Complaint do not require Defendants Morris and PRM to either admit or deny the allegations contained therein.

36. Defendants Morris and PRM are without sufficient information to either admit or deny the allegations contained in paragraph 36 of the Complaint, and therefore deny same.

37. Defendants Morris and PRM are without sufficient information to either admit or deny the allegations contained in paragraph 37 of the Complaint, and therefore deny same.

38. Defendants Morris and PRM are without sufficient information to either admit or deny the allegations contained in paragraph 38 of the Complaint, and therefore deny same.

39. Defendants Morris and PRM are without sufficient information to either admit or deny the allegations contained in paragraph 39 of the Complaint, and therefore deny same.

WHEREFORE, Defendants respectfully request this court to enter a judgment against the Plaintiff, taking nothing from the Defendants, and granting such other and further relief as is just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants aver that Plaintiff is not entitled to recovery because it breached agreements related to the alleged loans and/or debt made the basis of Plaintiff's complaint.

### SECOND AFFIRMATIVE DEFENSE

Defendants aver that Plaintiff has failed to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

Defendants aver that Plaintiff is not entitled to recovery pursuant to the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Defendants aver that Plaintiff's claim is barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Defendants aver that Plaintiff's claim is barred by the doctrine *in pari delicto*.

### SIXTH AFFIRMATIVE DEFENSE

Defendants aver that Plaintiff is not entitled to recovery because Plaintiff has no lawful claim to the debt alleged in the complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants aver that Plaintiff is not entitled to recovery in that the alleged guaranty agreement is void.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants aver that Plaintiff is not entitled to attorney's fees and/or expenses under any statute and/or enforceable agreement.

## COUNTERCLAIM

Come now Defendants-counterclaimants, PRM Realty Group, LLC ("PRM") and Peter R. Morris ("Morris""), and for their counterclaim against Plaintiff-counterdefendant, Hancock Bank, state as follows:

1. Defendant-counterclaimant, PRM, is a limited liability company formed under the laws of the State of Illinois.

2. Defendant-counterclaimant, Morris, is a citizen of the State of Texas.

3. Plaintiff-counterdefendant, Hancock Bank, conducts business in Mobile County, Alabama.

4. Hancock Bank entered agreements with Bon Secour Partners, LLC upon which Hancock's claims against PRM and Morris under an alleged guaranty are based. Hancock Bank owed Morris and PRM fiduciary duties and the duty of good faith and/or fairness.

5. Hancock Bank breached fiduciary duties, the duty of good faith and/or fairness which proximately caused damage to Morris and PRM.

WHEREFORE, Defendants-counterclaimants, Peter R. Morris and PRM Realty Group, LLC, demand judgment against plaintiff-counterdefendant, Hancock Bank, for compensatory damages in excess of the minimum jurisdictional limits of the Court, plus attorneys fees, costs, interest and such other additional relief to which they are entitled.

Respectfully submitted,


/s/ Michael J. Harbin
Michael J. Harbin (ASB9146-A37M)
SOUTHERN LAW FIRM, LLC
ATTORNEYS FOR DEFENDANTS
PETER R. MORRIS AND
PRM REALTY GROUP, LLC

**DEFENDANTS/COUNTERCLAIMANTS REQUESTS A TRIAL BY JURY**
**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing by electronic transmission using the CMECF court filing system to all attorneys of record in this cause, this the 5th day of January, 2010.

Kirkland E. Reid, Esquire
Richard A. Wright, Esquire
254 State Street
Mobile, AL 36603

William H. Philpot, Jr., Esquire
P.O. Box 2804
Mobile, AL 36652


/s/ Michael J. Harbin